**LAVENSTEIN CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.**

Circuit Court of Appeals, Fourth Circuit.
April 10, 1928.

No. 2672.

Internal revenue ⬤⟾25—Corporations organized by partners held "affiliated" within Revenue Act, though stock of first was transferred to creditors' committee (Revenue Act 1918, § 240, subd. (b), cl. 2 [Comp. St. § 6336⅛ss, sub. (b), cl. 2]).

Where partners, after fire and inability to effect settlement with insurance companies, organized corporation to which they transferred all assets and transferred stock to creditors' committee, except for two shares, but subsequently formed another corporation, which took over business of first, which transacted no further business than that involving insurance claims, the two corporations were "affiliated" within Revenue Act 1918, § 240, subd. (b), cl. 2 (Comp. St. § 6336⅛ss, subd. [b], cl. 2), on ground that substantially all stock was owned or

controlled by same interests, since creditors' committee merely held legal title to stock with control incident thereto as security for debts, and general property in stock was in partners.

Petition to Review the Decision of the United States Board of Tax Appeals.

Petition by the Lavenstein Corporation against the Commissioner of Internal Revenue to review a decision of the Board of Tax Appeals denying a claim of affiliation. Decision of Board of Tax Appeals reversed, and cause remanded.

Richard H. Mann, of Petersburg, Va., for petitioner.

John W. Fisher, Sp. Atty. Bureau of Internal Revenue, of Washington, D. C. (Mabel Walker Willebrandt, Asst. Atty. Gen., and C. M. Charest, Gen. Counsel Bureau of Internal Revenue, of Washington, D. C., on the brief), for respondent.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PARKER, Circuit Judge. This is a petition to review a decision of the Board of Tax Appeals denying a claim of affiliation asserted under section 240 of the Revenue Act of 1918, 40 Stat. 1081 (Comp. St. § 6336⅛ss). The petitioner is Lavenstein Corporation of Petersburg, Va., and the corporation as to which affiliation is claimed is Lavenstein Bros. Company, Inc., of the same city. There is no dispute as to the facts. On the contrary, petitioner adopts and relies upon the facts as found by the Board of Tax Appeals. It contends, however, that the board erred in applying the law to the facts so found, and that as a matter of law it is entitled to have the two corporations treated as affiliated within the meaning of the act of Congress above referred to, and their taxes for the years 1919 and 1920 assessed on the basis of a consolidated return. The facts which are material may be briefly stated.

For some time prior to April 1915, M. E., H. H., and A. L. Lavenstein were partners engaged in the mercantile business at Petersburg, Va. In 1913 they suffered a disastrous fire, and were unable to effect settlement with the insurance companies which had underwritten the loss, with the result that claims based on the policies were involved in litigation. The losses from this fire, coupled with the refusal of the insurance companies to make settlement, resulted in financial embarrassment; and on April 13, 1915, with a view of securing the claims of creditors, they organized a corporation, known as Lavenstein Bros., Inc., to which

they transferred all of the assets of their business, including the claims against the insurance companies, issuing to themselves all of its capital stock. Immediately thereafter an agreement was entered into between this corporation, the three Lavensteins and a committee composed of three of their largest creditors, transferring to this creditors' committee as security for the claims of creditors all of the assets of the corporation and all of the stock therein, which, as stated, had been issued to the Lavensteins, with the exception of two shares. Under the terms of this agreement the corporation was to continue the business until January 1, 1916, or so long as the creditors' committee deemed advisable, with the right on the part of that committee to sell the assets at any time and apply the proceeds so far as might be necessary in liquidation of the claims secured, paying any balance to the Lavensteins, and with the right on the part of the Lavensteins to have the stock of the corporation and its assets turned back to them upon paying the claims of creditors. The three members of the creditors' committee were to be elected directors of the corporation along with two of the Lavensteins, and were to have absolute control and management of its affairs so long as it should be operated under the agreement.

The business was operated under this agreement until March, 1917. At that time the Lavenstein Corporation, the petitioner herein, was incorporated. It took over the business of Lavenstein Bros., Inc., leaving to that corporation only the claims against the insurance companies and the real estate. The three Lavensteins owned all of the stock of this new corporation, and constituted its board of directors. From the time of its organization it paid all of the expenses of operating Lavenstein Bros. Company, Inc., kept the accounts of that corporation on its own books, and paid the taxes on its real estate. Lavenstein Bros. Company, Inc., thereafter held no stockholders' or directors' meetings and transacted no further business until the suits against the insurance companies were terminated. On June 1, 1920, it collected insurance claims in full, and immediately paid the claims of creditors for which the stock of the Lavensteins had been pledged, and thereupon the creditors' committee reassigned the stock to the Lavensteins.

The petitioner, Lavenstein Corporation, and Lavenstein Bros. Company, Inc., made a consolidated income and profits tax return for the years 1919 and 1920. Upon audit of these returns, the Commissioner of Internal Revenue disallowed affiliation for the year 1919 and for the period from January 1 to June 1, 1920; i. e., until the creditors' committee reassigned the stock to the Lavensteins. The Board of Tax Appeals sustained the Commissioner's ruling over the dissent of three of its members, and the correctness of this decision is the matter challenged by the petition before us.

The question presented arises under section 240 of the Revenue Act of 1918, 40 Stat. 1081, 1082, the pertinent provisions of which are as follows:

"Section 240. (a) That corporations which are affiliated within the meaning of this section shall, under regulations to be prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income and invested capital for the purposes of this title and title III, and the taxes thereunder shall be computed and determined upon the basis of such return: * * *

"(b) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests."

Upon the facts as admitted, we think that there can be no doubt that the two corporations were affiliated within the terms of the act, for substantially all of the stock of both was owned, if not controlled, by the same interests. The case falls clearly within the letter of clause (b) (2), Comp. St. § 6336⅛ss, subd. b, cl. 2, quoted above, and we think that it falls within the spirit of the statute also. It was evidently the intention of Congress that what was in fact one business should be taxed as one business, notwithstanding that it might be operated by two or more corporations, provided that these corporations were subject to the same control or were owned by the same interests; and that, where such corporations were thus owned or controlled, the tax on the business should not be increased because of inter-corporation accounting nor diminished because of division of income which, if allowed, might result in evasion of the higher rates of the graduated tax.

Here the business of the two corporations was clearly one business. Both were operated by the same persons as one corporation during the years 1919 and 1920, and all of the stock in both was owned by the Lavenstein brothers. The fact that the stock in

Lavenstein Bros. Company, Inc., was transferred to the creditors' committee, which held it as security for the claims of creditors, with the right under the agreement to control the corporation, does not affect the matter. The control thus provided for was not adverse to the Lavensteins, but entirely in their interest; for whatever was realized by the corporation was for their benefit. The payment of their obligations was beneficial to them as well as to their creditors, and whatever was realized above the amount necessary to pay creditors inured to their benefit alone. Furthermore, the Lavensteins could have had the stock transferred to them at any time by merely paying the claims of creditors, and could have transferred to others their rights in the stock, subject, of course, to the claims of creditors under the agreement. The creditors' committee had no such rights of ownership in the stock. True, the stock stood in their names on the books of the corporation, but they held it merely for the purpose of controlling the corporation, having under the agreement the power to dispose of the assets transferred as security, but not the power to dispose of the stock. It is clear, therefore, that the general property in the stock was in the Lavensteins, and that the creditors' committee merely held the legal title with the control incident thereto as security for the debts of the Lavensteins. Virginia Shipbuilding Corporation v. U. S. (C. C. A. 4th) 22 F.(2d) 38, 47, 50; Heryford v. Davis, 102 U. S. 235, 26 L. Ed. 160; Brick v. Brick, 98 U. S. 514, 25 L. Ed. 256; 6 Fletcher, Cyclopedia of Corporations, §§ 3909, 3910, 3911. Under these circumstances we think that petitioner was clearly entitled to have the two corporations treated as affiliated within the meaning of the statute. In fact, we can hardly imagine a stronger case of affiliation than that presented by this record.

We see no merit in the argument that affiliation should be denied where the stock of one corporation has been pledged as security for the debts of its owners on the theory that they have thereby parted with control over the corporation. Assuming that the pledge transfers to the pledgee the right to control the corporation, which is not true in all cases, the statute provides for affiliation where

25 F.(2d)—24½

there is unity of either ownership or control, and does not require that there be unity in both. To so hold would be to amend the statute in a vital particular and to open the door to evasions of the act. If affiliation is to be denied because the stock of one of the affiliated corporations has been pledged by its owners, then all that would be necessary to evade the high rates of a graduated tax would be for the interests which owned the stock in the affiliated corporations to pledge the stock held in one of them.

Nor do we think that the case of In re Temtor Corn & Fruit Products Co. (D. C.) 299 F. 326, affirmed by the Circuit Court of Appeals of the Eighth Circuit in Schlafly v. U. S., 4 F.(2d) 195, relied upon by the government, in any way supports its position. In that case one corporation held the control of another through the ownership of its non-par stock, although the ownership of the corporation as evidenced by its preferred stock was in other persons. It was held that the corporations should be deemed affiliated under clause (b) (1) of the act (Comp. St. § 6336⅛ss, subd. [b], cl. 1), as one was controlled by the other which owned its non-par voting stock. It was said that the purpose of Congress was to forestall such manipulation of profits, through control of voting stock, as would prevent the government from ascertaining correctly and collecting the sums justly due it as taxes by the affiliated corporations. That case, however, dealt with a situation where there was control of one corporation by another without ownership, and did not touch upon the situation provided for in the act where practically all of the stock of both corporations might be owned by the same interests; and nothing was said which would justify denying affiliation in such case merely because the stock in one of them had been pledged as security. It pointed out the evils which might be expected from treating as separate corporations which were in fact affiliated, and to that extent is authority in favor of petitioner.

In denying affiliation we think that the Board of Tax Appeals was in error. Its decision is accordingly reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.