UNITED STATES v. CLEVELAND, P. & E. R. CO. Inc.

District Court, N. D. Ohio, E. D. February 5, 1929.

No. 15171.

The United States Attorney, for plaintiff.

Tolles, Hogsett & Ginn, of Cleveland, Ohio, for defendant.

JONES, District Judge. This matter is for consideration upon a motion for judgment on the pleadings, consisting of a petition and an answer. In view of the admissions in the answer, the undenied allegations of the answer, and the written stipulation of facts filed by the parties, one question only appears to be for decision: Were the defendant and the Cleveland, Painesville & Ashtabula Railroad Company affiliated during the taxable years 1918 and 1919, within the meaning of section 240 of the Revenue Act of 1918 (40 Stat. 1081), and for that reason entitled to make a consolidated return under that taxing statute?

The defendant was organized under the laws of Ohio in 1895 for the purpose of constructing, maintaining, and operating a line of electric railway between Cleveland and Painesville, Ohio. In April, 1901, The Cleveland, Painesville & Ashtabula Railroad Company was organized under the laws of Ohio

for the purpose of constructing, maintaining, and operating a line of electric railway from Painesville to Ashtabula. At the same time, the defendant amended its articles of incorporation to authorize construction of an electric line from Painesville to Ashtabula. The rights of way and other property acquired by the defendant for such purpose were sold to purchasers who in turn transferred them to the Ashtabula Company for the consideration of 9,990 shares of the 10,000 shares of the authorized capital stock of the Ashtabula Railroad Company. The line from Painesville to Ashtabula connecting with the terminal of the defendant at Painesville was constructed by the Ashtabula Company and thereafter by traffic agreements the transportation equipment of the two companies was operated from Cleveland to Ashtabula over the tracks of both.

Commencing in June, 1906, and from time to time thereafter, the defendant acquired shares of the capital stock of the Ashtabula Company by purchase, so that in the calendar years 1918 and 1919 the defendant owned 7,090 shares of the stock of the Ashtabula Company, had substantially the same directors and managing officers, and from June, 1906, and during the years 1918 and 1919, the lines and properties of both companies were operated as a single line of electric railway. Actual expenditures for operation of the Ashtabula Company and general expenses of both, arbitrarily apportioned, were billed to the Ashtabula Company. Notes were given each year for such expenditures by the Ashtabula Company, but never paid. Such indebtedness increased over the period of years, so that in 1918 and 1919 the principal amount of such notes due the defendant from the Ashtabula Company was $240,309.02. In the two taxable years in question, the largest stockholder of the defendant owned $139,000 and $143,000, respectively, of the Ashtabula Company's mortgage bonds, and the defendant owned $150,000 of such bonds, all of which bonds being in default as to interest. In both taxable years more than 99 per cent. of the stock of the Ashtabula Company was voted by officers of the defendant company.

 Upon substantially these facts stated somewhat more in detail, the Board of Tax Appeals concluded that the defendant and the Ashtabula Company were affiliated during the taxable years involved, and entitled to make a consolidated return within the purview of the applicable provisions of the Revenue Act. Appeal of Cleveland, Painesville & Eastern Railroad Co. and Cleveland, Painesville & Ashtabula Railroad Co., 4 B. T. A. 637.

It was provided by section 240 of the Revenue Act of 1918 that corporations which were affiliated should, under regulations to be prescribed by the Commissioner, with the approval of the Secretary, make a consolidated return of net income and invested capital, and that domestic corporations should be deemed affiliated if one corporation owned directly, or controlled through closely affiliated interests, substantially all the stock of the other, or if substantially all the stock of two companies was owned or controlled by the same interests.

By article 633 of regulation 45 the Commissioner ruled that the meaning of the words, "substantially all the stock," should be more or less dependent upon the pertinent facts in each case when less than 95 per cent. or more of the outstanding voting capital stock should be held by one corporation. The actual facts as to affiliation, ownership, and control were to be fully disclosed and determinative of the right to the benefit of the provisions of the act. This would seem to be the construction of the statute adopted by the courts in the decisions relied upon by the defendant. In re Temtor Corn & Fruit Products Co. (D. C.) 299 F. 326; United States v. Whyel (D. C.) 19 F.(2d) 260; Lavenstein Corporation v. Commissioner (C. C. A.) 25 F.(2d) 375. To the same effect see Appeal of Koch & Co., 1 B. T. A. 624, and Appeal of Hartford & Connecticut Western Railroad Co., 2 B. T. A. 211. These two companies were operated and controlled as a single enterprise. They made up an economic unit actually controlled and practically owned by the defendant.

The conclusion of the Board of Tax Appeals is entitled to considerable weight in determining questions of this character, but, even without the benefit of the Board's judgment, I am satisfied that the facts in the case disclose an affiliation between these companies within the meaning of the applicable provisions of the Revenue Act.

The motion for judgment on the pleadings will be sustained.